UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOLIDAY OLJII ANNA PEDOTTI, II,<br><br>        Plaintiff,<br><br>-against-<br><br>BETH ISRAEL MEDICAL CENTER; F.D.A. FOOD & DRUG ADMINISTRATION; SOCIAL SECURITY ADMINISTRATION,<br><br>        Defendants. | Case No. 24-cv-02306 (JLR)<br><br>**ORDER OF DISMISSAL AND TO SHOW CAUSE UNDER 28 U.S.C. § 1651** |

JENNIFER L. ROCHON, United States District Judge:

  Plaintiff Holiday Oljii Anna Pedotti II brings this action *pro se*. She has paid the fees to bring this action and the Clerk of Court has issued summonses. Plaintiff seeks damages and injunctive relief, and purports to assert claims under the Federal Tort Claims Act. She sues: (1) the Beth Israel Medical Center; (2) the United States Food and Drug Administration ("FDA"); and (3) the United States Social Security Administration. For the reasons set forth below, the Court dismisses this action *sua sponte* and directs Plaintiff to show cause, by declaration, within 30 days of the date of this order, why the Court should not bar her from filing any future civil action in this court without the court's leave to file.

**Standard of Review**

  The Court has the authority to dismiss a complaint, even when the plaintiff has paid fees to bring a civil action, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam), or that the Court lacks subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court may also dismiss an action for failure to state a claim on which relief may be granted, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994)

1

(quotation marks and citation omitted), *abrogated on other grounds*, *Murphy v. Hughson*, 82 F.4th 177 (2d Cir. 2023). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quotation marks and citation omitted).

## Background

Plaintiff alleges that her claims arise from a "Severe Brain Injury . . . with Disfigurement" that she has suffered, as well as from alleged "Medical Malpractice." ECF No. 1 ("Compl.") at 1. She states that "[b]y installing an ARTIFICIAL INTELLIGENCE system in [her] while failing to obtain Informed Consent or detail its use in Hospital Discharge Papers on the date of the Malpractice, Defendants are in a SEVERE Breach of Medical duties to Patients." *Id.*

Plaintiff seems to allege that, on or about June 30, 2022, she was released from the Beth Israel Medical Center, and that her discharge papers show that she had been subjected to tests and treatments at that hospital that have not been approved by the FDA. She also seems to allege that she was admitted to that hospital and treated without her consent and that, at some point, she was examined and/or treated by that hospital's psychiatric unit. Plaintiff further claims to have had, during her hospitalization, an "artificial intelligence" ("AI") device implanted into her without her consent.

Plaintiff additionally alleges that, between 2022 and 2023, she was, as a journalist, present in Ukraine, Poland, Moldova, and Georgia while "having an Electronic Neurological System that was unsecured by any Government[,] [which] resulted in SEVERE HARM and Dangerous Circumstances." *Id.* at 5. "To date, [she] is unable to disconnect Paramilitary individuals from the AI Device that was installed by Defendants." *Id.* Among the injuries

2

that Plaintiff alleges that she suffers from as a result of the abovementioned implanted AI device are: (1) she bares the likeness of a "Paramilitary Hacker" named "Natalia"; (2) she "experiences substantial physiological harm throughout the day, every day[,] in increasing severity"; (3) between 50 and more than 800 times a day, her "neck wrings, namely to the Left.  This makes a sound that is detectable to those persons nearby to her"; (4) "loud cracking sounds [from] around the Crown of [her] Skull occur 20-50+ times per day.  The sounds can be the decibel [level] of a nearby slamming door and are detectable to the persons nearby"; (5) her "skull has changed shape entirely and resembles that of a Polish person named Natalia"; (6) she "is frequently unrecognizable throughout the day.  Her face structure shifts entirely on an average of 2-3 times per day into at least 5 or 6 distinctly different individuals' Likenesses"; and (7) her "jaw shifts into unrecognizable positions and structures at least 40-500 different times per day."[1]  *Id.* at 5-6.

Plaintiff alleges that when she:

> is walking uphill, feeling aroused or emotionally excited, in love or otherwise[,] a series of programmed Artificial Con[s]ciousness recordings and Vocal Interruptions [emanate from her, usually to strangers, and phrases like] "RIGHT ON!" [will] suddenly erupt from [her] mouth, or [] "YOU OTTA!!!," [and] even punishment[,] such as "NO, NO, NO, NO, NO!" in a Male voice . . . until her heart[]rate is slowed down.

*Id.* at 7.

Plaintiff additionally seems to assert violations of criminal law.  *See id.* at 9-10.

---

[1] In addition to damages, Plaintiff seeks the removal of the AI device from her.  Compl. at 7.

**Discussion**

**A. Claims seeking criminal prosecution**

Plaintiff appears to seek the criminal prosecution of others. If that is the case, the Court must dismiss those claims for such relief. Plaintiff cannot initiate a criminal prosecution in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (per curiam). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against anyone because prosecutors possess discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses, for lack of subject matter jurisdiction, any claims in which Plaintiff seeks the criminal prosecution of anyone, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If plaintiffs lack Article III standing, a [federal] court has no subject matter jurisdiction to hear their claim." (quotation marks and citation omitted)).

**B. Remaining claims**

As discussed above, a court may dismiss a fee-paid civil action *sua sponte* if it determines that the action is frivolous. *See Fitzgerald*, 221 F.3d at 363-64. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible. . . ." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that

set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating a claim is frivolous when it "lacks an arguable basis either in law or in fact"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

      To the extent that the Court can understand Plaintiff's complaint, Plaintiff's remaining claims are premised on her belief that, during her hospitalization in the Beth Israel Medical Center, an AI devise was implanted into her body, and that she was treated by other means, all without her consent, and that the AI device has caused her multiple injuries since it has been implanted. However, a "[p]laintiff's beliefs − however strongly [s]he may hold them − are not facts." *Morren v. N.Y. Univ.*, No. 20-cv-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report & recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for her assertions of these remaining claims. *See, e.g.*, *Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-cv-06414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing a basis for information and belief).

      The Court finds that Plaintiff does not provide any plausible factual support for her remaining claims, and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has provided the Court with allegations that she believes to be true but, because she has pleaded no factual predicate to support them, they are implausible. Her allegations amount, therefore, to conclusory claims and suspicions, and they must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order)

(holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, Nos. 17-cv-02652, 17-cv-05458 (JFB), 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible" (footnote omitted)). Accordingly, the Court dismisses Plaintiff's remaining claims as frivolous.

C. **Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

D. **Order to show cause**

This court has repeatedly warned Plaintiff as to the consequences of continued filing of frivolous or otherwise nonmeritorious civil actions in this court. *Pedotti v. Mount Sinai*, No. 1:22-cv-6199 (LTS), 2022 WL 4485296, at *3 (S.D.N.Y. Sept. 26, 2022) (recounting Plaintiff's litigation history in this court and warning Plaintiff "that further nonmeritorious or frivolous litigation in this [c]ourt will result in an order barring [Plaintiff] from filing new [civil] actions [*in forma pauperis* ("IFP") in this court] without prior permission." (citing 28 U.S.C. § 1651)), *appeal dismissed*, No. 22-2800 (2d Cir. Nov. 30, 2022) (appeal dismissal

effective Dec. 21, 2022); *see id.* (warning Plaintiff "that further nonmeritorious or frivolous litigation in this court may result in an order barring her from filing *any* new [civil] actions [in this court] without prior permission" (emphasis added)); *Pedotti v. Grand Lodge of the State of N.Y.*, No. 1:22-cv-06296 (LTS), 2022 WL 4485340, at *2 (S.D.N.Y. Sept. 27, 2022) (reiterating previous warning that continued nonmeritorius or frivolous litigation in this court will result in a filing bar prohibiting Plaintiff from filing civil actions in this court IFP without prior permission), *appeal dismissed*, No. 22-2795 (2d Cir. Nov. 30, 2022) (appeal dismissal effective Dec. 21, 2022); *Pedotti v. Adler*, No. 1:22-cv-06222 (LTS), 2022 WL 14122517, at *6 (S.D.N.Y. Oct. 24, 2022) (reiterating previous warnings), *appeal dismissed*, No. 22-2801 (2d Cir. Nov. 30, 2022) (appeal dismissal effective Dec. 21, 2022); *Pedotti v. Putin*, No. 1:22-cv-06220 (LTS), 2022 WL 15523949, at *2 (S.D.N.Y. Oct. 25, 2022) (reiterating previous warnings), *appeal dismissed*, No. 22-2802 (2d Cir. Nov. 30, 2022) (appeal dismissal effective Dec. 21, 2022); *Pedotti v. Musk*, No. 1:22-cv-07695 (LTS), 2022 WL 17542051, at *2 (S.D.N.Y. Dec. 5, 2022) (reiterating previous warnings), *Pedotti v. Adler*, No. 1:22-cv-06288 (LTS), 2022 WL 17541756, at *2 (S.D.N.Y. Dec. 6, 2022) (same).

Unlike with respect to the above cited previous actions, in which she proceeded IFP, Plaintiff has paid the fees to bring this action. Nonetheless, by filing this action, she has continued her pattern of filing frivolous or otherwise nonmeritorious civil actions in this court. Thus, Plaintiff has failed to heed the court's pervious warnings. Accordingly, the Court directs Plaintiff to show cause, by declaration, within 30 days of the date of this order, why the Court should not bar her from filing any future civil action in this court without the court's leave to file. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Thus, Plaintiff must submit to this court, within 30 days of the date of this order, a written declaration setting forth good cause why the Court should not impose the abovementioned filing injunction upon her. Should Plaintiff fail to submit such a declaration within the time allowed, or should her declaration fail to set forth good cause why the abovementioned filing injunction should not be imposed on her, the Court will bar Plaintiff from filing any future civil action in this court without the court's leave to file.

**Conclusion**

The Court dismisses this action for the reasons set forth in this order.

The Court also directs Plaintiff to show cause, by declaration, within 30 days of the date of this order, why the Court should not bar her from filing any future civil action in this court without the court's leave to file. A declaration form is attached to this order for Plaintiff's convenience.

Should Plaintiff fail to submit such a declaration within the time allowed, or should her declaration fail to set forth good cause why the abovementioned filing injunction should not be imposed on her, the Court will bar Plaintiff from filing any future civil action in this court without the court's leave to file.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to not enter a judgment at this time, as the Court has directed Plaintiff to show cause, by declaration, why the Court should not impose the abovementioned filing injunction upon her.

      The Court also directs the Clerk of Court to provide Plaintiff a copy of this order and the accompanying judgment should she appear at the court's Pro Se Intake Unit window.

Dated: April 16, 2024
       New York, New York

                                            SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the first and last name of each plaintiff or petitioner.

-against-

_____

Write the first and last name of each defendant or respondent.

Case No. _____ CV _____

## DECLARATION

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____
_____
_____
_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|
| Name | Prison Identification # (if incarcerated) |
| Address | City     State     Zip Code |
| Telephone Number (if available) | E-mail Address (if available) |